ENRIGHT v. BOYD et al.

(Supreme Court, Appellate Division, First Department.   November 8, 1907.)

1. INJUNCTION—INTERLOCUTORY INJUNCTIONS—CONTINUANCE.

In an action to enjoin the transfer of certain corporate stock, where there is sufficient in the papers before the court to establish a probability that plaintiff may upon the trial establish his right to the stock claimed, a temporary injunction should be continued pendente lite.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, §§ 357, 358.]

2. SAME—MODIFICATION.

Where an injunction temporarily restraining the transfer of stock is so broad as not to permit defendant to deposit the number of shares claimed by plaintiff, indorsed so as to be available to him, if successful, and allow the transfer of the other shares, it should, upon motion, be modified to that extent.

Appeal from Special Term.

Action by James J. Enright against John Boyd and others.  From an order granting a motion to continue a temporary injunction, defendants appeal.  Reversed, and motion to modify granted as stated.

Argued  before  INGRAHAM,  CLARKE,  SCOTT,  and  LAMBERT, JJ.

Francis G. Caffey, for appellant Boyd.
Howard H. Niemann, for appellant companies.
Henry A. Forster, for respondent.

PER CURIAM.  Without intending to pass upon the merits of the controversy between plaintiff and defendant Boyd, we find sufficient in the papers before us to establish a probability that the plaintiff may upon the trial establish his right to the stock which he claims in the Palmer Mountain Tunnel & Power Company, and for this reason he should not be denied the protection of an injunction pendente lite. The injunction issued is, however, too broad, and should have been modified by permitting the deposit of the number of shares claimed by plaintiff.  By such a modification the plaintiff will be secured so far as concerns the specific relief which he asks, and other transfers of stock with which he is not concerned will not be indefinitely enjoined.

The injunction will therefore be modified, by providing that it shall remain effective unless and until Boyd shall deposit with the Windsor Trust Company 84,000 shares of the stock of the Palmer Mountain Tunnel & Power Company, properly indorsed so as to be available to plaintiff in case he shall be successful in this action, said stock to remain so deposited until final judgment or the further order of this court, and, as so modified, will be affirmed, without costs.  The appeal from the order denying the motion to resettle the injunction order will be dismissed, without costs.  The motion to vacate or modify the injunction should have been granted to the extent above indicated.  It must be reversed, and the motion so far granted as to modify the injunction as hereinbefore directed upon the appeal from the injunction order, also without costs.

The orders may be settled on notice.